VORYS SATER SEYMOUR AND PEASE LLP
MARK A. KNUEVE, (Ohio Bar No. 0067074)
DAREN S. GARCIA, Ohio Bar No. 0077156)
MICHAEL J. BALL, (Ohio Bar No. 0084150)
52 East Gay Street
Columbus, Ohio 43215
Telephone: 614.464.6400
Facsimile: 614.464.6350
Email: maknueve@vorys.com
*Admitted Pro Hac Vice*

MORGAN LEWIS & BOCKIUS LLP
KATHY H. GAO, SBN 259019
300 South Grand Avenue, 22nd Floor
Los Angeles, California 90071
Telephone: 213.612.2500
Facsimile: 213.612.2501
email: kgao@morganlewis.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| ALEXANDER BROWN and ARIK SILVA, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ABERCROMBIE & FITCH CO., ABERCROMBIE & FITCH STORES, INC., and DOES 1-50, inclusive, <br><br> Defendants. | Case No.: 2:14-cv-01242-JGB-VBK <br><br> **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO STAY PROCEEDINGS RELATING TO REST BREAK CLAIMS** <br><br> **Judge: Honorable Jesus G. Bernal** <br><br> Action Filed: September 16, 2013 |

Abercrombie's Memorandum in Support of Motion to Stay
*Brown, et al. v. Abercrombie & Fitch Co., et al.*       Case No. 2:14-cv-01242-JGB-VBK

## I. INTRODUCTION

Plaintiffs Alexander Brown and Arik Silva ("Plaintiffs") filed their Motion for Class Certification (the "Motion") on January 12, 2015. Plaintiffs, who were formerly employed by Defendant Abercrombie & Fitch Stores, Inc. ("Abercrombie") as retail sales associates, filed this lawsuit on September 16, 2013, alleging: (i) failure to provide rest periods in violation of California Labor Code § 226.7;… (v) failure to furnish accurate wage statements in violation of California Labor Code § 226; (vi) waiting time penalties in violation of California Labor Code §§ 201, 202, and 203; (vii) unfair business practices under California Business & Professions Code § 17200 *et seq.*; and (viii) penalties under California Labor Code § 2699 ("PAGA") (collectively, "rest break claims"). (*See* Second Amended Complaint (ECF No. 61).)[1]

Prior to this action being filed, however, a civil class action styled *Jessica Aparicio and Jason Poliran, on behalf of themselves and others similarly situated v. Abercrombie & Fitch Stores, Inc. Gilly Hicks, LLC, J.M. Hollister, LLC, and Does 3 to 50, inclusive* ("*Aparicio*"), was filed on January 26, 2013, in the Los Angeles County Superior Court, Case No. BC499281. (*See* Declaration of Mark Knueve at ¶ 19, Ex. 18 (hereafter "Knueve Decl. ¶ __").)[2] Plaintiffs in the *Aparicio* action asserted claims against Defendants under (a) California Labor Code § 226.7 for an alleged failure to provide rest breaks; (b) California Labor Code § 226 for damages and penalties based on inaccurate records resulting from failure to provide rest breaks; (c) California Labor Code §§ 201, 202, and 203 for an alleged failure to pay

---

[1] Plaintiff also brings the following claims, which are not the subject of this motion: (ii) failure to indemnify business expenses in violation of California Labor Code § 2802; (iii) compelled patronization of employer and/or other persons in violation of California Labor Code § 450; (iv) failure to pay minimum wages in violation of California Labor Code §§ 1194, 1194.2, 1197, and 1197.1;…and (ix) injunction.

[2] The Knueve Decl. was filed concurrently herewith.

wages in a timely manner upon termination; (d) § 17200 *et seq.* of the California Business & Professions Code for alleged unlawful and unfair business practices; and (e) penalties under the Private Attorneys General Act, Cal. Labor Code § 2699 *et seq.* (*Id.*)

In February 2015, Defendants and Plaintiffs in the *Aparicio* action entered into a class-wide settlement agreement (the "Settlement"), which is currently before the state court for approval. (*See* Knueve Decl. ¶ 20, Ex. 19.) That Settlement resolves all claims under § 226.7 and all claims for penalties relating to an alleged failure to make rest breaks available. (*Id.* at ¶ 20, Ex. 19, p. 24-25, ¶ 11.) The Settlement defines the Settlement Class as "all persons employed by Defendants in a non-exempt position in California who worked at least one shift of 3.5 hours or greater in an Abercrombie & Fitch, abercrombie, or Hollister store at any time from February 26, 2012 to September 30, 2014 or in a Gilly Hicks store at any time from January 16, 2009 to September 30, 2014." (*Id.* at ¶ 20, Ex. 19, p. 28, ¶ 27.)

## II. LEGAL ARGUMENT

District Courts in the Ninth Circuit regularly stay putative class action proceedings when a class settlement is pending in a state court that would encompass some or all of the claims asserted in the federal action. Courts have typically imposed such stays under the *Colorado River* doctrine, their inherent authority to manage their docket, or both. In light of the pending settlement in *Aparicio*, a stay of Plaintiffs' rest break claims is appropriate here under both *Colorado River* and the Court's inherent authority.

### A. The Court Should Stay Consideration of Plaintiff's Rest Break Claims Under the *Colorado River* Doctrine.

The *Colorado River* doctrine provides that a federal court "may stay or dismiss a concurrent federal suit due to a state proceeding for reasons of wise judicial administration." *Harrison v. AlliedBarton Sec. Servs. LP*, No. 1:13-cv-1613-AWI-SKO, 2014 U.S. Dist. LEXIS 45754, at *26 (E.D. Cal. Apr. 1, 2014)

1  (citing *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 818 (1976)).  The suits in federal and state court do not need to be identical, but instead need only be "substantially similar."  *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989).  California district courts have granted *Colorado River* stays in putative class actions where a class settlement is pending in a state court.  *See, e.g., ScripsAmerica, Inc. v. Ironridge Global LLC*, No. CV 14-03962 MMM (AGRx), 2014 U.S. Dist. LEXIS 157400, at *70 (C.D. Cal. Nov. 3, 2014); *Harrison*, 2014 U.S. Dist. LEXIS 45754.

In the Ninth Circuit, eight factors bear on the appropriateness of a stay under the *Colorado River* doctrine:  (1) which court first assumed jurisdiction over property that may be at issue; (2) inconvenience of the federal forum; (3) avoiding piecemeal litigation; (4) which forum first obtained jurisdiction; (5) whether federal or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) avoiding forum shopping; and (8) whether resolution of the state court proceeding would resolve all issues before the federal court.  *Harrison*, 2014 U.S. Dist. LEXIS 45754, at *27-28 (citing *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011)).  As in *R.R. Street & Co. Inc.*, the first two factors do not apply here, because there is no property at issue and the fora are both located in Los Angeles.  *See R.R. Street*, 656 F.3d at 979.  The remaining factors decidedly favor issuing a stay.

### 1. *Issuing a Stay Avoids Piecemeal Litigation*.

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results."  *Amer. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988).  In *Harrison*, the District Court for the Eastern District of California determined that this factor weighed in favor of granting a stay because three related actions – two of which were in state court – "each commenced prior to this [suit],

and each is further progressed." *Harrison*, 2014 U.S. Dist. LEXIS 45754, at *30. The District Court in *Harrison* found it persuasive that at least one of the state court actions was nearing settlement, even though the proposed settlement agreement had not yet been submitted to the state court for approval. *Id*. at *31-32 n.14.

As was the case with the relevant claims in *Harrison*, the rest break claims in the state court action in question here are more advanced than the same claims in this federal action. *Aparicio* commenced on January 26, 2013 – almost nine months before this action was filed on September 16, 2013. (*See* Knueve Decl. at ¶ 20, Ex. 18 at p. 28, ¶ 29; ECF No. 1.) The parties in *Aparicio* reached a proposed settlement agreement in February 2015, which is currently pending before the Superior Court of California for the County of Los Angeles. (*See* Knueve Decl. at ¶ 20, Ex. 18.) This is, in fact, more advanced than the settlement in *Harrison*, which had not yet been submitted for court approval. Thus, while this case is only now gearing up for class certification, *Aparicio* is nearing its conclusion. Allowing the rest break claims in this action to progress risks confusing class members, creating inconsistent judgments, and wasting judicial resources. Accordingly, the piecemeal litigation factor weighs in favor of issuing a stay.

### 2.     *The State Court Obtained Jurisdiction First.*

"[I]n considering the order in which jurisdiction was obtained, it is important not only to determine whether the state or the federal complaint was filed first, but also to assess how much progress has been made in the two actions." *Amer. Int'l Underwriters (Philippines), Inc.*, 843 F.2d at 1257 (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)). As discussed above, *Aparicio* was filed first, the Los Angeles Superior Court obtained jurisdiction first, and *Aparicio* has progressed further than this case. Accordingly, this factor also weighs in favor of staying Plaintiffs' rest break claims.

### 3. *State Law Provides the Rule Of Decision On the Merits.*

Neither this action nor *Aparicio* contain any federal claims. Accordingly, this factor favors issuing a stay in favor of *Aparicio* as the first filed action is pending in state court.

### 4. *State Proceedings Will Adequately Protect The Litigants.*

*Aparicio* and this case both contain only state law claims. Plaintiffs cannot identify any reason that the state court decision in *Aparicio* will fail to protect their interests. In fact, Plaintiffs here initially filed their lawsuit in state court (ECF No. 1, Ex. A). It would be inconsistent and illogical for Plaintiffs to now claim that the state court proceedings in *Aparicio* would somehow fail to protect them. Accordingly, this factor weighs in favor of issuing a stay.

### 5. *The Forum Shopping Factor Favors a Stay or Is Neutral.*

The forum shopping factor allows courts to consider "the vexatious or reactive nature of either the federal or the state litigation." *R.R. Street*, 656 F.3d at 981 (quoting *Moses H. Cone Mem. Hosp.*, 460 U.S. at 17 n.20). When forum shopping is not at issue – as is the case here – the factor is neutral. *Harrison*, 2014 U.S. Dist. LEXIS 45754, at *37.

### 6. *The State Court Proceeding Will Resolve All Relevant Issues Before This Court.*

The last factor – characterized by the Central District as the "most important" – focuses on whether the state court proceeding will have preclusive effect on the federal court proceeding. *ScripsAmerica, Inc.*, 2014 U.S. Dist. LEXIS 157400, at *60, *62. Where a district court "has 'full confidence' that the parallel state proceeding will end the litigation," it may enter a stay under *Colorado River*. *Intel Corp. v. Advanced Micro Devices*, 12 F.3d 908, 913 (9th Cir. 1993) (citing *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988)).

As discussed above in Section I, the settlement in *Aparicio* settles the rest break claims and derivative claims arising out of allegations from January 26, 2009

to January 31, 2015 for "all persons employed by Defendants in a non-exempt position in California who worked at least one shift of 3.5 hours or greater in an Abercrombie & Fitch, abercrombie, or Hollister store at any time from February 26, 2012 to September 30, 2014 or in a Gilly Hicks store at any time from January 16, 2009 to September 30, 2014." (Knueve Decl. at ¶ 20, Ex. 18, at p. 24-25, ¶ 11; p. 28, ¶ 27.)[3] Thus, the *Aparicio* settlement will resolve all rest break claims alleged in this action. (*See* Knueve Decl. at ¶ 20, Ex. 18.)[4]

Accordingly, the *Colorado River* factors weigh strongly in favor of staying the rest break claims in the present case. In sum, a stay would avoid piecemeal litigation, the *Aparicio* court was the first to obtain jurisdiction, and a settlement has been reached. Here, Plaintiffs' rest break claims, as in *Aparicio*, are based on state law, and are adequately protected by the *Aparicio* settlement. Finally, resolution of the *Aparicio* suit will fully and finally resolve the rest break claims presently before this Court. Accordingly, entry of a *Colorado River* stay is appropriate.

### B. Alternatively, the Court Should Stay Proceedings Pursuant to Its Inherent Powers to Manage Its Docket.

While the *Colorado River* factors themselves are sufficient reason to impose a stay, the Court could also enter a stay pursuant to its inherent powers to manage its own docket. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Amer. Co.*, 299 U.S. 248, 254 (1936). Additionally, "a federal court may stay its

---

[3] California law is clear that only those employees who work 3.5 or more hours are entitled to a rest break. *York v. Starbucks Corp.*, No. CV 08-07919 GAF (PJWx), 2012 U.S. Dist. LEXIS 190086, at *19-20 (C.D. Cal. Sept. 12, 2012).

[4] To the extent that Plaintiff's believe the Settlement to be objectionable, those objections are properly raised in the state court settlement hearing.

proceedings based on comity even when none of the abstention doctrines requires that it do so." *Noel v. Hall*, 341 F.3d 1148, 1160 (9th Cir. 2003). Courts considering a discretionary stay must weigh competing interests, including: (1) the possibility for damage if a stay is granted; (2) hardship or inequity that may result if a stay is not granted; and (3) potential simplification or complication of issues, proof, and questions of law which would result from a stay. *Id.* at *39-40 (citing *CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Courts throughout the Ninth Circuit have issued discretionary stays in class action suits where a class settlement of the same claims is pending in another court. *See Harrison*, 2014 U.S. Dist. LEXIS 45754, at *41 (stay of state law claims appropriate under *Colorado River* and *Landis*, because parties were seeking court approval of a settlement agreement in separate state court class action of which plaintiffs were class members); *Nunez v. Supervalu, Inc.*, No. 13-cv-626-WQH-JMA, 2014 U.S. Dist. LEXIS 81742, at *6 (S.D. Cal. June 16, 2014) (*Landis* stay appropriate pending resolution of settlement approval process in separate case in which plaintiff was as class member); *Fernandez v. Boiron, Inc.*, No. SACV 11-1867-JST (CWx), 2012 U.S. Dist. LEXIS 74322, at *10 (C.D. Cal. Apr. 26, 2012) (same); *Nesbit v. Fornaro*, 2011 U.S. Dist. LEXIS 52335, at *8 (D. Nev. Mar. 31, 2011) (discretionary stay appropriate pending resolution of settlement approval proceedings in state court); *Advanced Internet Techs., Inc. v. Google, Inc.*, No. C-05-02579 RMW, 2006 U.S. Dist. LEXIS 20117, at *4-5 (N.D. Cal. Apr. 5, 2006) (issuing stay pending resolution of potential settlement in Arkansas state court) (hereinafter, "*AIT*"). Given the clear weight of these authorities, there is no persuasive argument against staying Plaintiffs' rest break claims. There is no doubt that settlement of the *Aparicio* state class action "would have a material impact on the action here." *See AIT*, 2006 U.S. Dist. LEXIS 20117, at *5. Also, no prejudice will result from issuing a stay.

Conversely, Defendants are likely to suffer hardship if a stay is not granted. In the event that this Court grants class certification on the rest break claims, and the *Aparicio* settlement is approved, the Court would have to revisit its class certification decision. *See AIT*, 2006 U.S. Dist. LEXIS 20117, AT*5. Even if the Court is inclined to deny class certification, the potential settlement of *Aparicio* still dictates that a stay is appropriate. If this Court denies certification, and the state court approves a class settlement, this Court would have wasted valuable resources reaching a certification decision that would have no legal effect following the state court decision. Regardless of its ultimate decision on class certification, without a stay to allow the *Aparicio* settlement time to proceed, the Court and the parties will be forced to expend time and energy litigating rest break claims that the state court will likely resolve. Thus, issuing a stay is highly likely to both avoid hardship and preserve valuable judicial resources.

Finally, there is no risk that a stay would complicate the issues here. If the court grants Defendant's motion to stay, and the state court rejects the *Aparicio* settlement, then this Court can simply resume consideration of Plaintiffs' rest break claims. If, however, the *Aparicio* settlement is approved, the rest break issues here will not only be simplified – they will be resolved. Accordingly, there is ample reason for the Court to exercise its discretion in accordance with *Landis* and order that the rest break claims in this action be stayed pending approval of the *Aparicio* settlement.

## III. <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that their Motion to Stay be GRANTED.

Respectfully submitted,

Dated: March 2, 2015

VORYS, SATER, SEYMOUR AND PEASE LLP
MARK A. KNUEVE
DAREN S. GARCIA
MICHAEL J. BALL

MORGAN, LEWIS & BOCKIUS LLP
KATHY H. GAO

By: /s/ Mark A. Knueve
MARK A. KNUEVE
ABERCROMBIE & FITCH CO. AND
ABERCROMBIE & FITCH STORES, INC.

Abercrombie's Memorandum in Support of Motion to Stay
*Brown, et al. v. Abercrombie & Fitch Co., et al.*          Case No. 2:14-cv-01242-JGB-VBK